IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARIE DYNES,

    Plaintiff,

v.                                                  Civil Action No. 5:19CV214
                                                                        (STAMP)

ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

I. Background

The plaintiff, Marie Dynes ("Dynes"), originally filed suit against Erie Insurance Property and Casualty Company ("Erie") in the Circuit Court of Ohio County, West Virginia seeking judgment against defendant Erie "for all benefits to which she is contractually entitled pursuant to the Erie Insurance Property and Casualty Company Policy, Policy No. Q03-5507961, and for compensatory and general damages[,] . . . for punitive damages, for pre-judgment and post-judgment interest, attorneys' fees and costs expended in this action, for any other specific or general relief[,] . . . and for such other relief as this Court deems proper." ECF No. 1-1 at 12. The plaintiff's underinsured motorist ("UIM") claim arises out of a 2017 automobile accident. Id. at 2. The underlying suit was settled through the tortfeasor's insurance policy with settlement payments of $50,000.00. Id. at 5-6.

The defendant removed the civil action to this Court on July 11, 2019. ECF No. 1. In the notice of removal, defendant Erie asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. 1 at 2. Defendant Erie claims there is complete diversity because plaintiff Dynes is a resident of West Virginia and the defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. Id. According to defendant Erie, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, based on the plaintiff's allegations as pled in the complaint. Id. Defendant Erie points to the plaintiff's UIM coverage benefits of $100,000.00 per person, along with the plaintiff's claim based on the West Virginia Unfair Trade Practice Act ("WVUTPA"), in support of its amount in controversy argument. Id. In addition, defendant Erie cites the plaintiff's aim to recover for "punitive damages, interest, attorneys' fees, and costs." Id.

Plaintiff Dynes then filed a motion to remand, in which she asserts that defendant Erie has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. 4 at 3. Plaintiff Dynes notes that the coverage limit of any applicable policy of insurance is irrelevant in determining the amount in controversy and that an

2

allegation of general damages are not enough to satisfy a defendant's burden of proving federal jurisdiction.  Id. at 3-4.  Accordingly, plaintiff Dynes asserts that this matter should be remanded.  Id. at 5.

Defendant Erie filed a response in opposition to the plaintiff's motion to remand.  ECF No. 5.  In its response, defendant Erie asserts that this Court should deny the plaintiff's motion, as the amount in controversy exceeds the jurisdictional threshold, contending that plaintiff Dynes has made a settlement demand for $100,000.00 and that "Plaintiff's Complaint itself establishes that the amount in controversy exceeds $75,000.00.  Plaintiff alleges that she made [a] claim for 'all benefits' from Erie."  Id. at 1, 4-5.  Defendant Erie contends that "Plaintiff's Complaint makes clear that the UIM benefit which she refers to when she seeks 'all benefits' is payment of the $100,000 policy limit.  As such, Plaintiff's Complaint establishes that the amount in controversy is at least $100,000."  Id. at 5.  Defendant Erie notes that plaintiff Dynes also seeks punitive damages and that under West Virginia law, punitive damages may be awarded in an amount up to the greater of four times the amount of compensatory damages or $500,000.00, citing West Virginia Code § 55-7-29 (2015).  Id.  Additionally, defendant Erie points to the plaintiff's intent to recover attorneys' fees, damages for pain and suffering, medical bills, and future medical bills.  Id. at 2, 5.

Plaintiff Dynes filed a reply to defendant Erie's response in opposition. ECF No. 6. In reply, plaintiff Dynes again asserts that defendant Erie has failed to meet its "burden of proving that the value of Plaintiff's claims does, in fact, exceed the $75,000 threshold required for federal jurisdiction." Id. at 1. Plaintiff Dynes states that a pre-removal demand should not be given much weight in determining whether a case should be remanded based on whether a plaintiff's claims meet the requisite amount in controversy. Id. at 2.

For the reasons set forth below, the plaintiff's motion to remand (ECF No. 4) is GRANTED.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization,

Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

III. Discussion

There is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1332(a). Based on the record before this Court, because defendant Erie fails to meets its burden of satisfying the amount in controversy, the plaintiff's motion to remand must be granted.

This Court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 555 (2014). However, defendant Erie in this case fails to demonstrate by a preponderance of the evidence that the amount in controversy requirement has been satisfied. In its response in opposition, defendant Erie appears to rely on the following to establish the requisite amount in controversy: (1) an alleged settlement demand of $100,000.00; (2) the plaintiff's claim for "all benefits" in her complaint; and (3) the plaintiff's intent to recover damages for pain and suffering, medical bills, future medical bills, punitive damages, and attorneys' fees and costs. ECF No. 5 at 1-5.

First, defendant Erie only speculates as to damages, which are not quantified and are conditional at best. As stated earlier, the amount in controversy requirement cannot be based on speculation as to what may occur. Rather, this Court is limited to a consideration of facts on the record at the time of removal. See

Lowery, 483 F.3d at 1213-15. At this time, the amount of damages that may or will be recovered is unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. Therefore, because defendant Erie only speculates as to the amount of damages, particularly consequential and punitive damages, removal is improper.[1] The assumption that plaintiff Dynes may be awarded the relief she requests in her complaint is insufficient to show by a preponderance of the evidence that plaintiff Dynes will recover damages that meet the amount in controversy requirement. As stated earlier, removal jurisdiction is strictly construed and, if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151.

Second, this Court is unpersuaded by defendant Erie's contention that the plaintiff's alleged settlement demand provides a basis for federal jurisdiction.[2]

---

[1] Defendant Erie has not attached any medical bills, etc. or other document to support its burden of proving by a preponderance of the evidence that plaintiff Dynes will recover damages that meet the amount in controversy requirement. Although defendant Erie attached an email from plaintiff Dynes that notes that she was allegedly treated by a doctor who found that she would need additional treatment, defendant Erie does not specify a certain amount of medical bills and future medical bills.

[2] Defendant Erie has failed to provide sufficient evidence that plaintiff Dynes has made a specific demand of $100,000.00. Defendant Erie has cited the plaintiff's complaint where plaintiff Dynes requests "all benefits" and defendant Erie has noted an email

7

Settlement demands are only one among other factors to consider when evaluating whether a defendant has met the burden of proving by a preponderance of the evidence that the amount in controversy requirement has been met. See Kenny v. Independent Order of Foresters, No. 3:12-CV-123, 2012 WL 6149171, *4-5 (N.D. W. Va. Dec. 11, 2012); Williams v. Hodgson, No. 5:11CV80, 2011 WL 3793328, *2 (N.D. W. Va. Aug. 24, 2011).

Even when considering the plaintiff's alleged settlement demand of $100,000.00, this Court concludes that the portion of the plaintiff's complaint where she requests "all benefits" and the email from plaintiff that stated "this is clearly a policy limits claim," are insufficient to prove by a preponderance of the evidence that the amount in controversy has been met. In fact, this evidence does little more than to show the plaintiff's hope that defendant Erie will be willing to pay its limits of coverage. Settlement demands "are of limited value in determining the amount in controversy." Marsh v. Lowe, No. 5:12CV2, 2012 WL 443819, *3 (N.D. W. Va. Feb. 10, 2012) (referencing Contraguerro v. Hall, No. 5:06CV150, 2007 WL 1381394, at *2 (N.D. W. Va. May 8, 2007). This evidence, without more, does not meet defendant Erie's burden of

---

from plaintiff that stated "this is clearly a policy limits claim." ECF No. 5-1 at 3. However, those facts alone do not conclusively demonstrate that plaintiff Dynes has demanded the specific amount of $100,000.00. However, even if the Court assumes that plaintiff Dynes made that specific demand, defendant Erie still fails to meet its burden of establishing, by a preponderance of the evidence, the amount in controversy.

establishing, by a preponderance of the evidence, the amount in controversy. Instead, this evidence requires the Court to speculate as to the value of the plaintiff's case. Thus, the plaintiff's motion to remand must be granted.

After review of the entire record, and a common sense evaluation of the plaintiff's complaint, this Court finds that the defendant has failed to prove that the amount in controversy exceeds $75,000.00, exclusive of interest and costs; therefore, remanding this civil action is proper.

The Court notes, however, that nothing in 28 U.S.C. § 1446(b)(3) prevents defendant Erie from filing a second notice of removal should later-discovered facts demonstrate that the claim exceeds $75,000.00. If such facts were discovered, defendant Erie could remove the action a second time within 30 days of discovery, provided it is within one year after the original complaint was filed. Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999).

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to remand (ECF No. 4) is GRANTED. Accordingly, it is ORDERED this civil action is remanded to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 16, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE